76 F.3d 376
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Thomas LOWERY, Defendant-Appellant.
 No. 94-5908.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1995.
Decided Jan. 30, 1996.
 
 ARGUED: William Stimson Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. ON BRIEF: William E. Martin, Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Dismissed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Thomas Lowery was sentenced in June 1991 to 18 months imprisonment and 3 years supervised release for a federal drug offense. While on supervised release, Lowery was arrested and convicted by North Carolina state authorities for marijuana possession. As a result, on December 1, 1994, the district court revoked Lowery's supervised release and sentenced him to 15 months imprisonment for violating the terms and conditions of his supervised release. The court ordered that Lowery's 15-month federal sentence "run consecutively with the sentence imposed in state court" for Lowery's marijuana conviction. (Emphasis added).
 
 
 2
 When the district court imposed Lowery's federal sentence, however, Lowery was not in state custody. Although he had been sentenced by a North Carolina court, Lowery was released on bond pending his state appeal. Accordingly, Lowery immediately began serving his 15-month federal sentence and has now completed his service.
 
 
 3
 Because any question of whether Lowery's federal sentence should have been imposed to run concurrently--or, indeed, could have been imposed to run concurrently--is moot, we dismiss his appeal.
 
 DISMISSED